UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANCIS WHITE LANCE,<br><br>Defendant. | 5:22-CR-50192-KES<br><br><br>ORDER DENYING MOTION<br>FOR COMPASSIONATE RELEASE |

Defendant, Francis White Lance, filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(a). Docket 92. The Federal Public Defender filed a supplement to White Lance's pro se motion. Docket 109. Plaintiff, the United States of America, asserts that White Lance's compassionate release motion should be denied. Docket 112 at 10. For the following reasons, White Lance's motion for compassionate release is denied.

## BACKGROUND

On March 20, 2024, White Lance pleaded guilty to one count of discharge of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Docket 65; Docket 68. The court sentenced White Lance to the statutory minimum of 120 months in custody, followed by two years of supervised release. Docket 82; Docket 84. White Lance is currently 69 years old and incarcerated at FMC Rochester. *See* https://www.bop.gov/inmateloc/ (last accessed June 13, 2025) (Register No. 31704-510). As of June 23, 2025, he has served over one year of his federal sentence. *See* Docket 101 at 540. His current estimated statutory release date

is July 18, 2032. *Id.*

White Lance moved for compassionate release on November 12, 2024, under § 3582(c)(1)(A)(i). Docket 92. Through counsel, White Lance now submits a supplement to his motion for reduction in sentence. Docket 109.

In support of his motion for relief, White Lance cites a combination of medical issues, including three aneurysms, his age, and his status as the only guardian of his minor child. *Id.* at 1-8. He also notes his minor criminal record and suggests that upon release, he would pose no threat or danger to anyone in the community. *Id.* at 14-15. White Lance is asking the court to reduce his sentence to time served or, in the alternative, house arrest if the court deems it appropriate under 18 U.S.C. § 3582(c)(1)(A). *Id.* at 18.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). One narrow exception is the First Step Act (FSA), passed by Congress in 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction in sentence must take into consideration the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C.

§ 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires both "extraordinary and compelling reasons" to warrant a sentence reduction and the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)-(b). The policy statement was amended on November 1, 2023, to reflect the FSA's empowerment of federal courts to adjudicate defendant-initiated motions for compassionate release. U.S.S.G. § 1B.13, amend. 814. Amendment 814 to the Sentencing Commission policy statement also expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. *See id.*; *2023 Amendments in Brief*, U.S. Sent'g Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited June 23, 2024).

**I.    Administrative Exhaustion**

Before the FSA's passage, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. 18 U.S.C. § 3582(c)(1)(A) (2002), *amended by* 18 U.S.C. § 3582(c)(1)(A) (2018). With the enactment of the FSA, Congress has permitted courts to grant a motion for a reduction in sentence filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

3

whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

White Lance contends that he submitted a request to the warden of his correctional facility on or about October 3, 2024. *See* Docket 92 at 3. The warden denied his request on October 25, 2024. *Id.* at 1. The United States acknowledges that White Lance has satisfied the exhaustion requirement. *See* Docket 112 at 2; *see also United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (characterizing 18 U.S.C. § 3582(c)(1)(A)'s procedural requirement as a "mandatory claim-processing rule" that "must be enforced so long as the opposing party properly raises it."). Thus, the court will review the merits of White Lance's motion.

## II.   **Extraordinary and Compelling Reasons**

Congress directed the Sentencing Commission to describe what "should be considered extraordinary and compelling reasons" for compassionate release and fashion "the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission policy statement, as amended in November of 2023, responded by identifying six categories of "extraordinary and compelling reasons" justifying compassionate release. U.S.S.G. § 1B1.13(b)(1)-(4), amend. 814. The first four categories pertain to a defendant's: (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. *Id.* A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the

4

reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth category arises if the defendant has received an usually long sentence, served at least 10 years, and a change in law produces a gross disparity between the sentence being served and the sentences likely to imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Rehabilitation of the defendant is not an extraordinary and compelling reason in and of itself but "may be considered in combination with other circumstances in determining whether and to what extent a reduction" in sentence is warranted. U.S.S.G. § 1B1.13(d). An extraordinary and compelling reason need not be unforeseen at the time of sentencing to warrant compassionate release. U.S.S.G. § 1B1.13(e).

White Lance argues that he suffers from health conditions that fall under the "catch-all" category of extraordinary and compelling reasons in § 1B1.13(b)(5). *See* Docket 109 at 5-14. Thus, the court will consider White Lance's request under the "catch-all" category. The United States has grouped White Lance's complaints into separate categories and sub-categories. Docket 112 at 4-10. Per White Lance's motion, the court will not consider any of the categories or sub-categories alone, because White Lance argues that in combination they fall under the "catch-all" provision. Docket 109 at 5. U.S.S.G. § 1B1.13(b)(4), (6). As such, the court analyzes White Lance's motion under the catch-all category.

5

The guidelines state that extraordinary and compelling reasons may exist under the defined "circumstances or a combination thereof[.]" 1B1.13(b). And courts are not required to consider each category in a vacuum, but rather may apply a "holistic" approach to the defendant's motion under § 3582(c)(1)(A). *See United States v. Trenkler*, 658 F. Supp. 3d 7, 8 (D. Mass. 2023); *Petrossi*, 2024 WL 3070145, at *3 (finding that the defendant's "severe, life-threatening health conditions, considered alongside his age, mean[t] that he f[ell] within one or more of the categories of health circumstances specifically identified as qualifying for relief").

The catch-all category reflects the court's discretion to consider the circumstances of the defendant as a whole and allows for release if there are extraordinary and compelling reasons other than, or in combination with, those identified in (b)(1) through b(4), that are similar in gravity to the enumerated categories. U.S.S.G. § 1B1.13(b)(5). White Lance argues that because his "medical conditions do not neatly fall under any single provision, the ongoing effects of his various health conditions . . . are similar in gravity to the circumstances described in § 1B1.13(b)(1) through (4) and therefore qualify as extraordinary and compelling reasons for relief." Docket 109 at 5-6.

Here, White Lance's medical circumstances combined with his age present a close call, but are not sufficient to grant him compassionate release. Although White Lance's conditions are not necessarily terminal at this time, his three aneurysms, including a thoracic aortic, abdominal aortic, and iliac artery aneurysm, are serious. *See* Docket 107 at 2, 4, 404, 511, 552. And even

6

though COVID-19 is now unfortunately a routine threat in Bureau of Prisons facilities and society in general, that threat is especially acute for White Lance—his battle with Guillain-Barre Syndrome prevents him from receiving the COVID-19 vaccination and renders him particularly vulnerable. Docket 109 at 9-14. Moreover, although White Lance has not served 75% of his term, he is 69 years old and experiencing deterioration due to the natural aging process. *Id.* at 12. He also has had an aortic heart valve replacement and suffers from various heart conditions. *Id.* at 6-9. But White Lance's underlying felony conviction—discharging a gun during a crime of violence—is as serious as White Lance's medical conditions coupled with his age. Furthermore, White Lance has only served just over one year of his sentence and the court was aware of White Lance's age and medical conditions when it imposed the sentence of 120 months in custody. Because White Lance's medical conditions combined with his age do not constitute an extraordinary or compelling reason to justify a sentence reduction, the court finds that White Lance is not eligible for compassionate release under U.S.S.G. § 1B1.13(B)(5).

### III.     Sentencing Factors

The § 3553(a) sentencing factors confirm that compassionate release is unwarranted. The first factor the court considers is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). White Lance was convicted of discharging a firearm during a violent crime. Docket 73 ¶ 21. The facts indicate that White Lance entered a credit union, announced that he was robbing it, and fired

7

shots into the back wall before exiting with the money. *Id.* ¶ 7. The court also considers the characteristics of the defendant. White Lance has zero prior convictions for any offense. *See* Docket 73. But White Lance has some alleged infractions during his time on pretrial release and while in custody, including an alleged drunken altercation while on pretrial release and some anger management problems while in custody. Docket 112 at 9. Although White Lance has no criminal history, his confrontational conduct in prison is concerning. The court finds the first factor cuts against release due to the egregiousness of the offense.

The next factor the court considers is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). The court finds that because White Lance has not served a term of years in prison, a sentence reduction under the circumstances of his declining health would not reflect the seriousness of the offense, promote respect for the law, or provide just punishment. *See* Docket 109 at 1.

The remaining § 3553(a) factors also do not support a sentence reduction. If the court were to grant compassionate release, similar conduct in others would not be deterred because White Lance's punishment would not be severe enough to act as an effective deterrent. *See* 18 U.S.C. § 3553(a)(2)(B). Moreover, reducing White Lance's sentence would do an injustice to the public, who are still suffering from the effects of White Lance's actions. *See* Dockets 25, 76, 79, 81. The court acknowledges that White Lance does not intend to

8

live in the same community if granted a compassionate release and that his declining physical state will make it difficult for him to reoffend or rob a bank again. *See* 18 U.S.C. § 3553(a)(2)(C). But the court finds the § 3553(a) factors weigh against White Lance and holds that White Lance's compassionate release motion is denied.

## CONCLUSION

White Lance has failed to satisfy the extraordinary and compelling reason standard under 18 U.S.C. § 3582(c)(1)(A)(i). Thus, it is

ORDERED that the defendant's motion for relief under the First Step Act (Docket 92) is denied.

Dated July 7, 2025

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE